1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT

8           CENTRAL DISTRICT OF CALIFORNIA

9                  WESTERN DIVISION

10

11  DARRION LARRY ALEXANDER,        )  No. CV 09-06428-FMC (VBK)
                                    )
12                   Petitioner,    )  MEMORANDUM AND ORDER DISMISSING
                                    )  HABEAS PETITION AS TIME-BARRED
13       v.                         )
                                    )
14  KEN CLARK,                      )
                                    )
15                   Respondent.    )
    _____ )
16

17                        **BACKGROUND**

18      On September 3, 2009, Darrion Larry Alexander (hereinafter

19  referred to "Petitioner") filed a "Petition for Writ of Habeas Corpus

20  by a Person in State Custody" pursuant to 28 U.S.C. §2254 ("Petition")

21  in the United States District Court for the Central District of

22  California.  The Petition is directed to a conviction for first degree

23  residential robbery, first degree residential burglary and unlawful

24  driving or taking of a vehicle, sustained in the Los Angeles County

25  Superior Court on May 5, 1998.  Petitioner was convicted by a jury and

26  sentenced to 27 years and 16 months in state prison. (See Petition at

27  2.)

28      Petitioner did not file a direct appeal of his conviction in the

California Court of Appeal or a Petition for Review in the California Supreme Court. (See Petition at 2.)

Petitioner filed a habeas petition in the Los Angeles County Superior Court, which was denied on August 24, 2007. Petitioner filed habeas petitions in the California Court of Appeal and California Supreme Court, which were denied on November 13, 2007 and September 17, 2008, respectively.[1] (See Petition at 4-5.)

Pursuant to the Court's duty to screen §2254 petitions, the Magistrate Judge found the Petition and relevant state court records plainly disclosed this action was barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. §2244(d)(1)(A). Accordingly, on September 15, 2009, the Magistrate Judge issued an Order to Show Cause and notified Petitioner the action appeared to be time-barred absent some basis for tolling or an alternative start to AEDPA's one-year limitation period under 28 U.S.C. §2244(d)(1)(B)-(D). (See September 15, 2009 Order to Show Cause re Dismissal of Habeas Petition as Time-Barred ["OSC"], Docket No. 3.) The OSC discussed the various grounds for tolling and directed Petitioner to show cause why the action was not time-barred by filing a written response no later than October 15, 2009.[2] (OSC at 2-5.) The OSC warned Petitioner that his failure to

---

[1]   The Court takes judicial notice of Petitioner's records in the State Appellate Courts which are available on the Internet at http://appellatecases.court.info.ca.gov. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002)(federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2]   The Court also noted that Petitioner failed to sign and date his Petition under penalty of perjury. Pursuant to Rule 2(c)(5) of the Rules Governing §2254 Cases, a petition must be signed under penalty of perjury by the Petitioner or a person authorized to sign it for the
(continued...)

file a timely response to the OSC would result in a waiver of his right to respond to the OSC and that his Petition would be dismissed with prejudice as time-barred without further notice. (OSC at 5.)

On October 19, 2009, Petitioner filed a Response to the OSC. Petitioner contends that he is entitled to a later start date pursuant to 28 U.S.C. §2244(d)(1)(D) as he did not discover the factual predicate for his claims until August 24, 2007.  Petitioner also contends he received ineffective assistance of counsel, has suffered a gross miscarriage of justice, and claims "actual innocence." (See Response at 1-2.)

The matter now stands submitted.

**PETITIONER'S CONTENTIONS**

Petitioner contends the following, inter alia:

1.    Ineffective assistance of counsel; and

2.    This Court must reduce Petitioner's high term sentence to the middle term based on the United States Supreme Court holdings.

(See Petition at p. 5.)

**DISCUSSION**

**A.    Standard of Review**.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court requires a judge to "promptly examine" a habeas petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

---

[2](...continued)
Petitioner under 28 U.S.C. §2242.

1  district court, the judge must dismiss the petition and direct the

2  clerk to notify the petitioner." Local Rule 72-3.2 of this Court also

3  provides "[t]he Magistrate Judge promptly shall examine a petition for

4  writ of habeas corpus, and if it plainly appears from the face of the

5  petition and any exhibits annexed to it that the petitioner is not

6  entitled to relief, the Magistrate Judge may prepare a proposed order

7  for summary dismissal and submit it and a proposed judgment to the

8  District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas

9  petition may be dismissed <u>sua</u> <u>sponte</u>; however, the District Court must

10 give the petitioner adequate notice and an opportunity to respond

11 before doing so. <u>Day v. McDonough</u>, 547 U.S. 198, 209-10, 126 S.Ct.

12 1675 (2006); <u>Herbst v. Cook</u>, 260 F.3d 1039, 1043 (9th Cir. 2001).

13     Here, the OSC constitutes adequate notice.

14

15     **B.   <u>Statute of Limitations</u>**.

16     Since the Petition was filed after the President signed into law

17 the AEDPA on April 24, 1996, the Court's consideration of the

18 Petition's timeliness is governed by 28 U.S.C. §2244(d), as amended by

19 the AEDPA. <u>See</u> <u>Calderon v. United States District Court for the</u>

20 <u>Central District of California (Beeler)</u>, 128 F.3d 1283, 1287 n.3 (9th

21 Cir. 1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1099 and 523 U.S. 1061 (1998).[3]

22 That section provides:

23       "(1) A 1-year period of limitation shall apply to an

24       application for a writ of habeas corpus by a person in custody

25       pursuant to the judgment of a State court. The limitation period

26

27 [3]   <u>Beeler</u> was overruled on other grounds in <u>Calderon v. United</u>
<u>States District Court (Kelly)</u>, 163 F.3d 530, 540 (9th Cir. 1998)(en
28 banc), <u>cert.</u> <u>denied</u>, 119 S. Ct. 1377 (1999).

1  shall run from the latest of--

2      (A)  the date on which the judgment became final by

3  conclusion of direct review or the expiration of the time

4  for seeking such review;

5      (B)  the date on which the impediment to filing an

6  application created by State action in violation of the

7  Constitution or laws of the United States is removed, if the

8  applicant was prevented from filing by such State action;

9      (C)  the date on which the constitutional right

10  asserted was initially recognized by the Supreme Court, if

11  the right has been newly recognized by the Supreme Court and

12  made retroactively applicable to cases on collateral review;

13  or,

14      (D)  the date on which the factual predicate of the

15  claim or claims presented could have been discovered through

16  the exercise of due diligence.

17      (2)  The time during which a properly filed application for

18  State post-conviction or other collateral review with respect to

19  the pertinent judgment or claim is pending shall not be counted

20  toward any period of limitation under this subsection."

21

22  Under 2244(d)(1)(A), the statute begins to run at the completion

23  of direct review in the state courts.  On July 2, 1998, Petitioner was

24  sentenced for his conviction.  Petitioner did not file a direct appeal

25  in the California Court of Appeal or a Petition for Review in the

26  California Supreme Court. (See Petition at 2-3.)  Thus, Petitioner's

27  conviction became final 60 days thereafter on September 2, 1998.

28  Petitioner therefore had one year, until September 2, 1999, in which

1   to timely file a federal habeas petition.  <u>Patterson v. Stewart</u>, 251

2   F.3d 1243, 1245 (9th Cir. 2001).

3       Here, Petitioner filed his Petition on September 3, 2009.  The

4   Petition was filed approximately 10 years after the statute of

5   limitations expired and is facially untimely, absent any statutory or

6   equitable tolling.

7

8       **1.   <u>Petitioner Is Not Entitled to an Alternate Start Date</u>**

9           **<u>of the Statute of Limitations Period</u>**.

10

11          **a.   <u>State-Created Impediment</u>**.

12      In rare instances, AEDPA provides that its one-year limitations

13  period shall run from "the date on which the impediment of filing an

14  application created by state action in violation of the Constitution

15  or laws of the United States is removed, if the applicant was

16  prevented from filing by such state action." 28 U.S.C. §2244(d)(1)(B).

17  Asserting that the statute of limitations was delayed by a state-

18  created impediment requires a showing of a due process violation.

19  <u>Lott v. Mueller</u>, 304 F.3d 918, 925 (9th Cir. 2002).  Petitioner has

20  failed to set forth sufficient facts showing that Petitioner is

21  entitled to relief under this provision.

22

23          **b.   <u>Newly Recognized Constitutional Right</u>**.

24      AEDPA provides that, if a claim is based upon a constitutional

25  right that is newly recognized and applied retroactively to habeas

26  cases by the United States Supreme Court, the one-year limitations

27  period begins to run on the date which the new right was initially

28  recognized by the United States Supreme Court.   28 U.S.C.

§2244(d)(1)(C).   The face of the Petition and attachments do not appear to set forth any facts showing that Petitioner is entitled to relief under this provision.

### c.   **Discovery of Factual Predicate**.

Petitioner in conclusory language alleges he is entitled to a later start date under 28 U.S.C. §2244(d)1)(D) because he did not discover the factual predicate for his claims until August 24, 2007. Petitioner contends the within Petition has been submitted on new evidence.  Petitioner also alleges that trial counsel was ineffective and failed to raise an argument of illegal search and seizure in violation of the Fourth Amendment. (Petitioner's Response at 1-2.)

Petitioner is not entitled to a delayed starting date of the limitations period under 28 U.S.C. §2244(d)(1)(D).   Under that subsection, the statute of limitations begins to run when the "factual predicate" of Petitioner's claims "could have been discovered through the exercise of due diligence."  <u>Id</u>.  The term 'factual predicate' refers to the facts underlying the claim, not the legal significance of those facts.  <u>Hasan v. Galaza</u>, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)("This is not to say that [Petitioner] needed to understand the legal significance of those facts – rather than simply the facts themselves – before the due diligence (and hence the limitations) clock started ticking"); <u>accord</u>, <u>Summers v. Patrick</u>, 535 F.Supp.2d 995, 998 (C.D. Cal. 2008)("Under §2244(d)(1)(D) AEDPA's statute of limitations commences when a petitioner knows, or through the exercise of due diligence could discover, the factual predicate of her claims, not when a petitioner learns the legal significance of those facts").  "[T]he petitioner bears the burden of proving that he exercised due

diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of the claim..." Dicenci v. Rose, 452 F.3d 465, 471 (6th Cir. 2006); see also Majoy v. Roe, 296 F.3d 770, 777 n.3 (9th Cir. 2002)(finding that petitioner "ha[d] not made an adequate showing of due diligence as required by §2244(d)(1)(D) to invoke this tolling provision").

Here, Petitioner has failed to set forth sufficient facts entitling him to a later start date under 28 U.S.C. §2244(d)(1)(D).

**C.    Statutory Tolling**.

The running of the AEDPA's one-year time limitation is tolled for the time period during which a properly filed application for post-conviction or other state collateral review is pending in state court. See 28 U.S.C. §2244(d)(2); Evans v. Chavis, 546 U.S. 189, 193-194, 126 S.Ct. 846 (2006); Duncan v. Walker, 531 U.S. 991, 121 S. Ct. 2120 (2001)(The statutory term "other collateral review" refers to other state collateral review).  The statute is tolled from "the time the first state habeas was filed until the California Supreme Court rejects the petitioner's final collateral challenge." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.), cert. denied, 529 U.S. 1104 (2000).

Statutory tolling under AEDPA may include the time between properly filed state petitions, so long as the prisoner is attempting, "through proper use of state court procedures," to exhaust his state court remedies.  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999); accord, Carey v. Saffold, 536 U.S. 214, 122 S.Ct. 2134, 2138 (2002). Such "gap tolling," however, is available only insofar as a petitioner is pursuing "one complete round of the state's established appellate review process." Nino, 183 F.3d at 1005; see also Saffold, 122 S.Ct.

8

1  at 2138; <u>Dils v. Small</u>, 260 F.3d 984, 986 (9th Cir. 2001).

2      Here, it appears from the face of the Petition that Petitioner's

3  collateral challenges were filed too late.[4]   <u>See Ferguson v. Palmateer</u>,

4  321 F.3d 820, 823 (9th Cir. 2003)(holding that §2244(d) "does not

5  permit the reinitiation of  a limitations period that has ended before

6  the state petition was filed," even if the state petition was timely

7  filed), <u>cert. denied</u>, 540 U.S. 924 (2003); <u>Jimenez v. Rice</u>, 276 F.3d

8  478, 482 (9th Cir. 2001); <u>Wixom v. Washington</u>, 264 F.3d 894, 898-99 (9th

9  Cir. 2001), <u>cert. denied</u>, 534 U.S. 1143 (2002).   Absent equitable

10  tolling, the within Petition is untimely.

11

12      D.   **Petitioner Is Not Entitled To Relief Based On Equitable**

13          **Tolling.**

14      The AEDPA's one-year statute of limitations is subject to

15  equitable tolling but only if a petitioner can show "'(1) that he has

16  been pursuing his rights diligently, and (2) that some extraordinary

17  circumstance stood in his way' and prevented timely filing." <u>Lawrence</u>

18  <u>v. Florida</u>, 549 U.S. 327, 127 S.Ct. 1079 (2007)(quoting <u>Pace v.</u>

19  <u>Diquglielmo</u>, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005)).   <u>See also</u>

20  <u>Irvin v. Department of Veteran Affairs</u>, 498 U.S. 89, 96, 111 S.Ct. 453

21  (1990).   Petitioner bears the burden of alleging facts that would give

22  rise to tolling.   <u>Pace</u>, 544 U.S. at 418; <u>Smith v. Duncan</u>, 297 F.3d 809

23  (9th Cir. 2002); <u>Hinton v. Pac. Enters.</u>, 5 F.3d 391, 395 (9th Cir.

24

25  _____
    [4]   The Court notes on pages 3 and 4 of the Petition that Petitioner

26  filed a habeas petition in the Los Angeles County Superior Court which
    was denied on August 24, 2007. Petitioner filed habeas petitions in
    the California Court of Appeal and California Supreme Court which were

27  denied on November 15, 2007 and September 17, 2008, respectively.

28  These petitions were filed approximately 8 years after the one-year
    statute of limitations expired.

1993).

Although the Ninth Circuit has found equitable tolling is available, Harris v. Carter, 515 F.3d 1051, 1054 n.4 (9th Cir. 2008), it has cautioned that equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), and the "threshold necessary to trigger equitable tolling is very high lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); Brambles v. Duncan, 330 F.3d 1197, 1201 (9th Cir. 2003). See Marsh v. Soares, 223 F.3d 1217, 1220-21 (10th Cir. 2000)(holding that incompetence of an inmate law clerk did not create "extraordinary circumstances" warranting equitable tolling).

Additionally, it is firmly established that ignorance of the law and lack of legal sophistication do not constitute "extraordinary circumstances" warranting equitable tolling. See Raspberry v. Garcia, 448 F.3d 1150,1154 (9th Cir. 2006)("[A] pro se petitioner's lack of legal sophistication is not by itself, an extraordinary circumstance warranting equitable tolling.").

In light of the above, the Court finds Petitioner is not entitled to equitable tolling because he has failed to satisfy either of the requirements set forth in Pace. Petitioner has failed to meet his burden of showing he was reasonably diligent in pursuing federal habeas relief throughout the time that AEDPA's limitation period was running; nor has he shown that he was prevented from filing a timely petition because of extraordinary circumstances. Thus, the within Petition is untimely.

1      **E.    <u>Alternatively, Petitioner Has Not Made A Showing Of Actual</u>**

2            **<u>Innocence</u>**.

3            Petitioner contends that his Federal Petition is not barred by

4      the statute of limitations because he is actually innocent of the

5      charges.    Petitioner contends that trial counsel disregarded

6      "pertinent evidence" and failed to "motion the court that it be

7      ordered no one mention the fact that Petitioner was on probation or

8      subject to a probation search."  Petitioner contends that his Fourth

9      Amendment rights were violated by an illegal search of Petitioner's

10     residence for stolen property. (<u>See</u> Petitioner's Response at 2.)

11           Petitioner contends that a showing of "actual innocence" is an

12     exception to the limitations period.  In <u>Schlup v. Delo</u>, 513 U.S. 298

13     115 S. Ct. 851(1995), a capital habeas case, the petitioner argued

14     that a miscarriage of justice would occur if the Court failed to reach

15     the merits of his otherwise defaulted ineffective assistance of

16     counsel and <u>Brady</u> claims in light of newly discovered evidence

17     demonstrating his actual innocence.   The miscarriage of justice

18     doctrine provides that a federal habeas petitioner unable to establish

19     "cause and prejudice" sufficient to excuse the procedural default "may

20     obtain review of his constitutional claims only if he falls within the

21     narrow class of cases... implicating a fundamental miscarriage of

22     justice." <u>Schlup v. Delo</u>, 513 U.S. 298, 314-315 (1995).  As a

23     corollary, "[A] claim of actual innocence is not itself a

24     constitutional claim, but instead a gateway through which a habeas

25     petitioner must pass to have his otherwise barred constitutional claim

26     considered on the merits." <u>Herrera v. Collins</u>, 506 U.S. 390, 404, 113

27     S.Ct. 85 (1993).  <u>See also</u> <u>Johnson v. Knowles</u>, 541 F.3d 933 (9th Cir.

28     2008).

To establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim, there must be new evidence of actual innocence.  <u>Schlup</u>, 513 U.S. at 316.  Petitioner bears the burden of showing that "it is more likely than not that no reasonable juror would have convicted [Petitioner] in light of the new evidence." <u>Id</u>. at 327, 329.  In other words, Petitioner must show that constitutional error has probably resulted in a conviction of one who is actually innocent.  <u>Bousley v. United States</u>, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).  <u>See Schlup v. Delo</u>, 513 U.S. 298, 316, 115 S.Ct. 851 (1995)("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.").  In the absence of any evidence that makes it more likely than not that no reasonable juror would have convicted Petitioner, <u>see Schlup</u>, 513 U.S. at 324; <u>House v. Bell</u>, 547 U.S. 518, 126 S.Ct. 2064 (2006), his claim of actual innocence unnecessarily fails and therefore cannot be used to excuse his untimeliness.

In <u>Lisker v. Knowles</u>, 463 F.Supp.2d 1008, 2006 WL 3462589 (C.D. Cal.), the Court held that a habeas petitioner's demonstration of his probable innocence may excuse his noncompliance with AEDPA's statute of limitations.  A habeas petitioner is "actually innocent" for purposes of relief from AEDPA's limitations provision, if it is more probable than not that no reasonable juror would find the petitioner guilty beyond a reasonable doubt in light of new evidence.  In <u>Lisker</u>, a dismissal of a habeas petition brought by Petitioner convicted of second degree murder, pursuant to AEDPA limitations provision, would have constituted a miscarriage of justice, since Petitioner

1   demonstrated his probable innocence.  No trial evidence upon which the

2   conviction rested could have withstood scrutiny in light of the newly

3   presented evidence, and it was more likely than not that no reasonable

4   juror would have convicted Petitioner in light of the new evidence.

5       Here, Petitioner has failed to demonstrate that he is actually

6   innocent.

7

8                                      **ORDER**

9       For the reasons stated above and in the Court's OSC, the Court

10  finds that the Petition must be dismissed because the claims are time-

11  barred.  Further, by way of the OSC, the Court finds Petitioner has

12  already received notice and an opportunity to show cause why the

13  Petition should not be dismissed as time-barred.

14      Accordingly, **IT IS HEREBY ORDERED** that the Petition is dismissed

15  with prejudice.  The Clerk is **DIRECTED** to enter Judgment dismissing

16  the action with prejudice.

17

18  DATED: November 30, 2009

19                                  FLORENCE-MARIE COOPER
                                    UNITED STATES DISTRICT JUDGE

20

21  Presented this 19th day of
    November, 2009 by:

22

23
                        /s/
24  VICTOR B. KENTON
    UNITED STATES MAGISTRATE JUDGE

25

26

27

28